# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONNEAK GARFIELD,
        Petitioner,

v.                                                          Criminal Case No:93-80953-D26
                                                                      Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a Motion for Expungement [D/E 733] of his 1994 conviction for conspiracy to possess with intent to distribute heroin and cocaine, which resulted in a three year prison sentence. In his motion, Petitioner indicates that he is seeking expungement because as a business owner, he carries large sums of money and would like to apply for a concealed weapons permit for protection. For the reasons set forth below, Petitioner's motion must be DENIED.

**I.**

On November 18, 1993, Petitioner was charged with conspiracy to possess with intent to distribute cocaine and heroin pursuant to 21 U.S.C. § 846. On September 29, 2004, Petitioner entered a guilty plea to the aforementioned charge and was sentenced to a three year prison term. Following Petitioner's release from prison he was placed on a four year supervised release. On October 21, 1999, he was sentenced to a three month term of imprisonment, after admitting that he failed to report to his probation officer on May 15, 1999. On October 10, 2007, Petitioner filed the instant motion.

**II.**

Petitioner has filed the instant motion for expungement because he would like to apply for a concealed weapons permit for protection, since his business requires him to carry large sums of money.

<u>See</u> Petitioner's Motion. As Respondent has correctly pointed out, Petitioner has not provided this court with any specificity with respect to the type of business he owns and why his business requires him to carry large sums of money. Moreover, Petitioner has not provided this court with any evidence that he cannot apply for a concealed weapons permit unless his conviction is expunged. The Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record [of conviction] in an appropriate case." *U.S. v. Doe*, 556 F,2d 391, 393 (6th Cir. 1977). The Sixth Circuit, however, has not yet posited a standard for determining which cases are 'appropriate'. *U.S. v. Robinson*, No. 94-1945, 1996 WL 107129, 79 F.3d 1149 (6th Cir. 1996)(unpublished opinion). Although it is true that there is no *per se* rule against expunging valid convictions, cases have uniformly held that a petitioner must put forth compelling and extraordinary circumstances to warrant an expungement. *Id.* at 2.

Here, Petitioner has failed to cite any "compelling" or "extraordinary circumstances" which warrant expunction. See *United States v. Ursery* 2007 WL 1975038 at 2, (E.D.Mich., July 2, 2007) (holding that the petitioner's request for expungement of his criminal record so that he could possess a firearm for hunting, did not rise to the type of an "extreme circumstance" required to obtain an expungement; *United States v. Twobears,* 2007 WL 1232043 at 3 (W.D.Tenn. April 26, 2007) (holding that expungement is appropriate only when a petitioner is "factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record."). Indeed, Petitioner primarily relies on the premise that the conviction may prohibit him from applying for a concealed weapons permit. This is simply insufficient to warrant expungement of his conviction. Accordingly, Petitioner's motion is DENIED.

Additionally,

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for expungement is hereby DENIED.

IT IS SO ORDERED.

DATED: November 26, 2007             **s/Anna Diggs Taylor**
                                     ANNA DIGGS TAYLOR
                                     UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing [document] was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 26, 2007.

Ronneak Garfield
11515 Lake Pointe St
Detroit, MI 48224-1607             s/Johnetta M. Curry-Williams
                                   Case Manager